IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHERYLYNN BARNHILL, <br><br> Plaintiff, <br><br> v. <br><br> KEDPLASMA, LLC, <br><br> Defendant. | Case No.   2:25-cv-2007 |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendant KEDPLASMA, LLC ("KEDPLASMA" or "Defendant") hereby removes the above-captioned action, which is currently pending in the Sixth Circuit Court of Champaign County, to the United States District Court for the Central District of Illinois. Removal of this action is proper based upon the existence of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. In support of its Notice of Removal, Defendant respectfully states as follows:

1. On October 8, 2024, Plaintiff Cherylynn Barnhill, ("Barnhill" or "Plaintiff") filed a lawsuit in the Sixth Circuit Court, County of Champaign, Illinois, entitled *Cherylynn Barnhill v. KEDPLASMA, LLC,* Case No. 2024LA000173. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Plaintiff's Complaint contains three counts, alleging harassment, discrimination and retaliation in violation of Sections 5/2-101-102 of the Illinois Human Rights Act.

3. Upon information and belief, no substantive further proceedings have been held in the Sixth Circuit Court of Champaign County. Because the Sixth Circuit Court of Champaign County lies within this district, the proper forum for removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(a) is the United States District Court for the Central District of Illinois.

4901-5632-0013

4. Defendant was served with a copy of the Summons and Complaint on December 12, 2024. See Summons and Complaint served on Defendant, attached as Exhibit B.

5. Defendant's Answer is therefore due by January 11, 2025, and this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

6. Removal of this action to this Court is proper because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441.

7. First, diversity of citizenship exists between Plaintiff and Defendant. Plaintiff alleges that she is a resident of Champaign County, Illinois. Complaint ¶1. KEDPLASMA is a corporation organized under the laws of the State of Delaware and whose principal place of business is at 400 Kelby Street, 11th Floor, Fort Lee, New Jersey, 07024. *See* Latini Declaration, attached as Exhibit C, at ¶ 4; *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 2010 U.S. LEXIS 1897, *28-29 (Feb. 23, 2010) (confirming that a corporation's principal place of business is its "nerve center," or the place where its officers direct, control, and coordinate the corporation's activities). Accordingly, there is diversity of citizenship between Plaintiff and KEDPLASMA.

8. Second, it is more likely that not that the amount in controversy in this case exceeds $75,000.[1] Defendant must only demonstrate by "a preponderance of the evidence" that the amount in controversy exceeds the jurisdictional amount. *See Oshana v. Coca-Cola Co.*, 472 F. 3d 506, 511 (7th Cir. 2006). Defendant is "not required to establish with overwhelming evidence the precise amount in controversy." *Espinosa v. Philip Morris USA, Inc.*, 2007 U.S. Dist. LEXIS 21135 at *6 (N.D. Ill. March 26, 2007). Indeed, where a plaintiff provides little information regarding the value of her claims, "a good faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F. 3d at 511. Once Defendant

---

[1] While Defendant vehemently denies that Plaintiff is entitled to any damages, the face of the Complaint and Defendant's records confirm that the amount in controversy exceeds $75,000.

has satisfied this burden, Plaintiff may defeat federal jurisdiction "only if it appears to a *legal certainty* that the claim is really for less than the jurisdictional amount." *Id*. (emphasis added); *see also Spivey v. Vertrue, Inc*., 528 F. 3d 982, 986 (7th Cir. 2008) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the amount in controversy], then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much").

9. In her Complaint, Plaintiff seeks "compensatory damages in an amount sufficient to fully compensate her," "punitive damages," along with "loss of pay and benefits," "liquidated and exemplary damages," "damages for pain and suffering" and "reasonable attorney's fees, costs and fees for experts." Complaint at p. 7, Prayer for Relief. Plaintiff does not estimate the amount of the costs of the action or any further relief. Thus, based upon her pleadings, Plaintiff seeks an amount in excess of $75,000.

10. A true and correct copy of this Notice of Removal has been forwarded for filing in the Sixth Circuit Court of Champaign County. Attached as Exhibit D is a copy of the Notice to Clerk of the Sixth Circuit Court of Champaign County of the Filing of Notice of Removal, the original of which is being filed with the Clerk of the Sixth Circuit Court of Champaign County as required by 28 U.S.C. § 1446(d).

11. Attached as Exhibit E is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on the following individuals, as required by 28 U.S.C. § 1446(d): Michael L. Fenger, Kraft, Wood & Kelly, LLC, 207 W. Jefferson Street, Suite 200, Bloomington, IL 61701.

12. Defendant filed this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, Defendant KEDPLASMA, LLC requests that this action, pending in the Sixth Circuit Court of Champaign County, be removed to the United States District Court for the Central District of Illinois.

Dated: January 10, 2025

Respectfully submitted,

KEDPLASMA, LLC

By: */s/ Lucy Bednarek*
One of its Attorneys

Lucy Bednarek (#6269389)
lbednarek@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1000
Chicago, IL 60654
T: 312.372.5520
F: 312.372.7880

4901-5632-0013

**CERTIFICATE OF SERVICE**

I, Lucy Bednarek, an attorney, hereby certify that, on January 10, 2025, I caused a true and correct copy of the foregoing document to be filed electronically with the Clerk of the Court, using the Court's CM/ECF system:

Michael L. Fenger
Kraft, Wood & Kelly, LLC
207 W. Jefferson Street, Suite 200
Bloomington, IL 61701
kwk@kwklawyers.com

/s/ *Lucy Bednarek*
Lucy Bednarek

4901-5632-0013