E-FILED
Friday, 10 January, 2025 02:01:25 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT B



Registered Agent Solutions, Inc.
*Corporate Mailing Address*
5301 Southwest Parkway, Suite 400
Austin, TX  78735

**Phone:** (888) 705-7274

# SERVICE OF PROCESS RECEIPT

> **NOTICE OF CONFIDENTIALITY**
>
> This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE:**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A Summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.

**SERVICE INFORMATION**
Service Date:
Service Time:
Service Method:

**CASE INFORMATION**
Case Number:
File Date:
Jurisdiction:
Case Title:

**AGENCY / PLAINTIFF INFORMATION**
Firm/Issuing Agent:
Attorney/Contact:
Location:
Telephone No.:

**DOCUMENT(S) RECEIVED & ATTACHED**

**RASi REFERENCE INFORMATION**
Service No.:
RASi Office:
Rec. Int. Id.:

**ANSWER / APPEARANCE INFORMATION**

**ADDITIONAL NOTES:**

**Questions?** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

STATE OF ILLINOIS
IN THE SIXTH CIRCUIT COURT OF THE JUDICIAL CIRCUIT
COUNTY OF CHAMPAIGN

| | |
|---|---|
| CHERYLYNN BARNHILL,<br>    Plaintiff,<br><br>    and<br><br>KEDPLASMA, LLC,<br>    Defendant. | )<br>)<br>)<br>)   No. 2024LA000173<br>)<br>)<br>)<br>) |

ALIAS
**SUMMONS IN A CIVIL ACTION**

TO: KEDPLASMA, LLC
    c/o Solutions, INC
    901 S 2nd St, Ste 201
    Springfield, IL 62704

**IMPORTANT: You have been sued.**

Plaintiff has filed a **COMPLAINT AND JURY DEMAND FOR VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT.**

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court at 101 E Main St, Urbana, IL 61801, within 30 days after service of this summons, not counting the day of service. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Prepared by:*
Michael L. Fenger (ARDC # 6322511)
Kraft, Wood & Kelly, LLC
Attorneys for Plaintiff
207 West Jefferson Street, Suite 200
Bloomington, Illinois 61701
kwk@kwklawyers.com

To the Officer:

    This summons must be returned by the officer or other persons to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after it date.

*Clerk of the Court:*
*Susan W. McGrath* DLM

12/11/2024

Date                                              Signature of Clerk or Deputy Clerk

[Seal: CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT · CHAMPAIGN COUNTY ILLINOIS]

FILED
SIXTH JUDICIAL CIRCUIT
10/8/2024 6:37 PM
By: DLM
Susan W. McGrath
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

STATE OF ILLINOIS
IN THE SIXTH CIRCUIT COURT OF THE JUDICIAL CIRCUIT
COUNTY OF CHAMPAIGN

| | |
|---|---|
| CHERYLYNN BARNHILL,<br>    Plaintiff,<br><br>    and<br><br>KEDPLASMA, LLC,<br>    Defendant. | No.  2024LA000173 |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, CHERYLYNN BARNHILL, by and through counsel, Michael L. Fenger of Kraft, Wood & Kelly, LLC, and in support of this Complaint, states as follows:

### NATURE OF THE ACTION

1. This is an action brought under the Illinois Human Rights Act which prohibits discrimination based on sex, sexual harassment and retaliation in employment. Plaintiff seeks injunctive relief including but not limited to back pay, other make-whole relief, compensatory damages, and punitive damages against Defendant.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's claims as Illinois Circuit Courts have original jurisdiction.

3. Venue is proper under 775 ILCS 5/8-111(A)(1) because the events giving rise to the claims alleged herein occurred within Champaign County and the client resides in Champaign County.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff has exhausted all of her administrative remedies prior to bringing this lawsuit.

## PARTIES

5. Plaintiff, CHERYLYNN BARNHILL, ("Barnhill"), at all times relevant, was a resident of Champaign County, Illinois, and an employee of Defendant, KEDPLASMA, LLC, ("KED"). Barnhill is a member of a protected class in that she is female and African American.

6. Defendant, KEDPLASMA, LLC, ("KED") is a business incorporated under the laws of the State of Illinois. KED's Principal address is 400 Kelby Street, 11th Floor, Fort Lee, New Jersey 07024. The Defendant maintains a place of business at 907 N. Lincoln Avenue, Urbana, IL 61701, where the Plaintiff was employed. Defendant specializes in the collection and procurement of high-quality plasma from donors, that is processed into plasma-based therapies. At all relevant times, Defendant was an employer, joint employer or prospective employer as defined by 5/2-101(a) and (b) of the Illinois Human Rights Act. Defendant has 65 employees at their Champaign location of these 72% were sex female. Defendant does not track protected activity-status for their employees.

## STATEMENT OF FACTS

7. Barnhill was hired by KED in May of 2022 as a Medical Screener. Medical Screeners were responsible for identifying, registering and screening the donors prior to the donors going to the donor floor.

8. Barnhill is an African American female.

9. Barnhill's supervisors were Michael Anthony ("Anthony") the former General Manager and Cesar Chavez the Center Manager and former Assistant Manager. Barnhill's managers were both male.

10. Barnhill was subjected to harassment by Anthony due to her sex, from December 18, 2022, through December 30, 2022, when he would rub her shoulders, lean over the counter and touch Plaintiff's lower back and make unwanted sexual advances towards her. These advances and touches were never welcomed. These instances occurred on a regular basis.

2

11.     Anthony told Barnhill on numerous occasions that someone sued KED in the past because he touched them and that KED paid her and got rid of her. Anthony told Barnhill, "They will get rid of you before they would get rid of me." Barnhill was subjected to harassment and discrimination by Anthony after she refused his sexual advances.

12.     Barnhill made a complaint in letter form to management on December 18, 2022. Barnhill did not receive a response to her December 18, 2022, letter.

13.     Barnhill made a second written complaint to KED Human Resources on December 20, 2022. In this letter Barnhill wrote she was subjected to disparate treatment "I am black and a woman" and there are, "No black men or women in upper management in our center."

14.     Chavez and Hodges witnessed Anthony touching her multiple times and did not do anything to stop the behavior.

15.     Hodges and Chavez consistently pushed for Barhill to work on the donor floor doing phlebotomy work, despite that was not in her job description. Barnhill refused. On December 17, 2022, Chavez attempted to force Barnhill to work on the donor floor and Chavez began to yell at and harass Barnhill in front of donors. Chavez told Barnhill to leave if she would not come to the donor floor. The following day Barnhill sent the December 18, 2022, letter to KED's Human Resources department.

16.     Barnhill was terminated by KED in retaliation for making a complaint for discrimination on December 18, 2022, and December 20, 2022. Another employee named Hola Jones was discharged in retaliatory manner similarly. KED alleged that Barnhill was discharged on December 30, 2022, for attendance issues leading to her discharge on December 30, 2022.

17.     On December 30, 2022, Barnhill informed Anthony that her attendance was wiped clean. Anthony indicated her attendance was not wiped clean and that was his choice. Barnhill did not sign the discharge document.

3

18. LED acknowledges that Complainant's June 22, 2022, attendance points should have been reset and that Barnhill should not have been shown to have had 7.5 points against her for the attendance policy in December of 2022. LED maintains that they were not reset due to a clerical error.

**COUNT I: DISCRIMINATION AND HARASSMENT DUE TO RACE**

19. Barnhill repeats and realleges all of the paragraphs in the Complaint as if fully set forth herein.

20. Barnhill is an "employee" as defined by Section 5/2-101(a) of the Illinois Human Rights Act.

21. KED is an "employer" as defined by Section 5/2-101(b) of the Illinois Human Rights Act.

22. Barnhill is African-American, and as a result, she is a protected class under the Illinois Human Rights Act.

23. From May of 2022 through December of 2022, KED, by and through their agents, subjected Barnhill to harassment and unequal terms and conditions as a result of her race (African-American), as detailed above.

24. The disparate treatment of Plaintiff constitutes harassment and discrimination against Barnhill due to her race in violation of Section 5/2-102 of the Illinois Human Rights Act.

25. Barnhill was discriminated against on the account of her race by Defendant, and ultimately terminated on December 30, 2022.

26. Employees who were similarly situated to Barnhill but were not in the same protected class were not subjected to the same race-based discrimination as Barnhill.

27. That the discriminatory misconduct described above was the result of a willful or intentional effort on the part of KED were the result of a willful or intentional effort on the part of KED to discriminate against Plaintiff for the reason of her race.

4

28. That as a direct and proximate result f one or more of the above acts of intentional discrimination on the basis of race, Plaintiff has sustained damages equal to lost monetary damages, has suffered embarrassment, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## COUNT II: DISCRIMINATION AND HARASSMENT DUE TO SEX

29. Barnhill repeats and realleges all of the paragraphs in the Complaint as if fully set forth herein.

30. Barnhill is an "employee" as defined by Section 5/2-101(a) of the Illinois Human Rights Act.

31. KED is an "employer" as defined by Section 5/2-101(b) of the Illinois Human Rights Act.

32. . Barnhill is female, and as a result, she is a protected class under the Illinois Human Rights Act.

33. From May of 2022 through December of 2022, KED, by and through their agents, subjected Barnhill to harassment and unequal terms and conditions as a result of her sex (female), as detailed above. From May of 2022 through December of 2022, KED, by and through their agents subjected Barnhill to sexual harassment in violation of 775 ILCS 5/2-102(d)

34. The disparate treatment of Plaintiff constitutes harassment and discrimination against Barnhill due to her sex in violation of Section 5/2-102 of the Illinois Human Rights Act.

35. Barnhill was discriminated against on the account of her sex by KED, and ultimately terminated on December 30, 2022.

36. Employees who were similarly situated to Barnhill but were not in the same protected class were not subjected to the same sex-based discrimination and harassment as Barnhill.

37. That the discriminatory misconduct described above was the result of a willful or

5

intentional effort on the part of KED were the result of a willful or intentional effort on the part of KED to discriminate against Plaintiff for reason of sex.

38. That as a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of sex and sexual harassment, Plaintiff has sustained damages equal to lost monetary damages, has suffered embarrassment, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## COUNT III: RETALIATION

39. Barnhill repeats and realleges all of the paragraphs in the Complaint as if fully set forth herein.

40. 775 ILCS 5/6-101(a) clearly states it is a violation of the Illinois human Rights Act for an employer to retaliate against an employee for reporting violations of the Act.

41. Barnhill engaged in protected activity when she reported discriminatory actions by KED in her December 18, 2022, and December 20, 2022, letters to KED HR.

42. KED engaged in retaliatory adverse employment against Barnhill due to her redetected activity as described above, culminating in Plaintiff's discharge on December 30, 2022.

43. A causal and temporal relationship exists between the Plaintiff's protected activity and the adverse employment action(s) taken by KED against Barnhill.

44. There is no legitimate, non-discriminatory reason for Defendants to have taken adverse action against Barnhill, and any such actions were pre-textual.

45. That as a direct and proximate result of one or more of the above acts of retaliation, Plaintiff has sustained damages equal to lost monetary damages, has suffered embarrassment, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter the following relief:

A. Award damages to Plaintiff for loss of pay and benefits incurred as a result of the discrimination against him as alleged in this Complaint;

B. Grant Plaintiff a a judgment for compensatory damages as to each count in an amount sufficient to fully compensate her, and grant Plaintiff a judgment against Defendant for punitive damages;

C. Assess against Defendant and in favor of Plaintiff such liquidated and exemplary damages as may be provided by law for the willful violations of the law committed by it;

D. Award Plaintiff damages for pain and suffering;

E. Grant Plaintiff reasonable attorney's fees, costs, and fees for experts; and

F. Such other relief as this Court deems necessary and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully Submitted.
CHERYLYNN BARNHILL, Plaintiff

By:/s/ Michael L. Fenger
    Michael L. Fenger,
    Attorney for Plaintiff

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure of the State of Illinois, the undersigned certified that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that they verily believe the same to be true.

/s/ CHERYLYNN BARNHILL
Cherylynn Barnhill, Plaintiff

## RULE 222 AFFIDAVIT

The undersigned, Michael L. Fenger, attorney for Plaintiff, CHERYLYNN BARNHILL, hereby verifies pursuant to Supreme Court Rule 222 and the penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, that the total money damages sought in this cause exceeds the sum of Fifty Thousand and 00/100 dollars ($50,000.00) and the undersigned certifies that the statements set forth in this Rule 222 Affidavit are true and correct and the undersigned certifies as aforesaid that he verily believes the same to be true.

By: /s/ Michael L. Fenger
Michael L. Fenger,
Attorney for Plaintiff

**Prepared by:**
MICHAEL L. FENGER
Kraft, Wood, & Kelly, LLC
Attorneys for Respondent
207 W. Jefferson Street, Suite 200
Bloomington, IL 61701
Telephone: (309) 829-7069
Email: kwk@kwklawyers.com
ARDC: 6322511